UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOGAN POUPORE,

    Plaintiff,

v.

BRIAN HELFERT, et al.,

    Defendants.
_____/

Case No. 2:25-cv-95

Hon. Hala Y. Jarbou

# OPINION

This lawsuit arises out of a former Menominee County Sheriff's Deputy's alleged years-long pattern of sexually abusing minors. Plaintiff Logan Poupore names as defendants the former deputy, Brian Helfert, and Menominee County ("the County"). He brings (1) claims against both defendants under 42 U.S.C. § 1983, based on violations of the Fourth and Fourteenth Amendments;[1] (2) claims against both defendants under the Child Abuse Victim's Rights Act ("CAVRA"), 18 U.S.C. § 2255; (3) claims against both defendants under the Michigan Child Protection Law, Mich. Comp. Laws § 722.621 *et seq.*; (4) state tort claims against both defendants for negligence, intentional and negligent infliction of emotional distress, and false imprisonment; (5) state tort claims against the County for negligent hiring, training, and supervision and gross negligence; and (6) state tort claims against Helfert for assault and battery. Before the Court is the County's motion to dismiss Poupore's claims (ECF No. 9). For the reasons explained below, the Court will grant the motion and dismiss both Defendants.

---

[1] Poupore's complaint also refers to the Fifth Amendment's Due Process Clause (Compl. ¶ 40, ECF No. 1), which applies exclusively to the federal government; it is the Fourteenth Amendment's Due Process Clause that applies to the states, and thus to the County.

# I. BACKGROUND

Poupore alleges that Helfert repeatedly sexually abused him and other children from 2001 to 2004, when Poupore was between 12 and 14 years old. (Compl. ¶ 1, ECF No. 1.) During this time, Helfert was a Menominee County sheriff's deputy and a school resource officer, a position that involved tutoring students at Carney-Nadeau Middle School. (*Id.* ¶¶ 1, 24.) Poupore alleges that during one-on-one tutoring meetings at the school, Helfert frequently sexually assaulted him. (*Id.* ¶¶ 24–31.) Helfert also allegedly assaulted Poupore and other students on Sheriff's Department property and at a Wisconsin hotel to which he brought Poupore. (*Id.* ¶¶ 32–37.) Poupore alleges that the County received complaints about Helfert's behavior but did not properly investigate or supervise Helfert. (*Id.* ¶ 46.) Thus, he brings this suit against Helfert and the County.

# II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss under Rule

12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

### III. ANALYSIS

**A. Forfeiture of Defenses**

Before proceeding to its analysis, the Court must first address the propriety of entertaining a statute of limitations defense. The application of a statute of limitations is an affirmative defense that a defendant can waive. *See Stupak-Thrall v. Glickman*, 346 F.3d 579, 585 (6th Cir. 2003). Here, Defendant Helfert did not raise any statute of limitations defense in his answer. (*See* Helfert Answer, ECF No. 6.) He did raise a statute of limitations defense as to the § 1983 claims in a subsequent motion to dismiss (*see* Helfert Mot. to Dismiss, ECF No. 23), but the Court denied the motion because he had already filed an answer (*see* 8/29/2025 Order, ECF No. 27). The County moved to dismiss based on the § 1983 statute of limitations, but asserted that CAVRA's statute of limitations did not bar Poupore's claims. (*See* County's Br. in Supp. 5–8, ECF No. 9-1.) Defendants asserted the CAVRA statute of limitations defense for the first time in response to the Court's order for additional briefing on the issue. (*See* 9/30/2025 Order, ECF No. 34.) Thus, Helfert has forfeited the statute of limitations defense as to all of Poupore's claims, and the County has forfeited it as to his CAVRA claim. However, because it does not appear that either Defendant intentionally waived their defenses, the Court will excuse their forfeiture and address the underlying defenses. *See Whitney*, No. 2:25-CV-28, 2025 WL 2169554, at *3 n.2 (W.D. Mich. July 31, 2025); *Walker v. United States*, 134 F.4th 437, 440 (6th Cir. 2025) (court can consider unintentionally forfeited, but not intentionally waived, statute of limitations defense).

Furthermore, although the motion before the Court is the County's rather than Helfert's, the statute of limitations arguments are the same for both Defendants, and Poupore has had the opportunity to fully respond to those arguments. Thus, the Court will proceed to analyze whether

3

the relevant statutes of limitations bar Poupore's claims against both Defendants. *See Whitney v. Helfert*, 2025 WL 2169554, at *3 (dismissing defendant that had not moved for dismissal because plaintiff "had an opportunity to respond to the statute-of-limitations argument, and [non-moving defendant] is in the same position as the moving defendants").

### B. Section 1983 Claims

The County argues that Poupore's claims under 42 U.S.C. § 1983 are barred by the statute of limitations. Because a defendant bears the burden to prove entitlement to an affirmative defense, dismissal based on the applicable statute of limitations is often inappropriate in a 12(b)(6) analysis. *Est. of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013). However, "there is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law." *Id.* (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009)). Thus, the Court can dismiss a case when "it is apparent from the face of the complaint that the time limit for bringing the claims has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008).

Even though § 1983 claims arise under federal law, courts "look[] to the law of the State in which the cause of action arose" for the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see* 42 U.S.C. § 1988. Specifically, courts apply the limitations period that the state uses for personal injury torts. *Wallace*, 549 U.S. at 387. In Michigan, that limitations period is three years. *Heard v. Strange*, 127 F.4th 630, 633 (6th Cir. 2025). Helfert's alleged abuse of Poupore took place between 2001 and 2004 (Compl. ¶ 1), which is more than three years before this suit was filed. However, because Poupore's claims accrued when he was a minor, the limitations period was tolled until he turned 18, after which he had one year to bring his claims. *See* Mich. Comp. Laws § 600.5851(1). Poupore was about 12 in 2001 (*see* Compl. ¶¶ 1, 31), so his claims would have expired around 2008.

4

Poupore argues that the limitations period for his claims is governed by Mich. Comp. Laws § 600.5851b(1) rather than the general statute of limitations. Under § 600.5851b(1),

> an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:
>
> (a) The individual reaches the age of 28 years.
>
> (b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

*Id.* Poupore turned 28 around 2017, so subsection (a) does not allow Poupore to bring suit. However, Poupore argues that subsection (b) extends the limitations period here through 2026—three years after Helfert's conviction for criminal sexual conduct.

Contrary to Poupore's assertions, § 600.5851b(1) does not prevent Poupore's claims from being time-barred, for a number of reasons. First, § 600.5851b(1) is not applicable to § 1983 claims. As the U.S. Supreme Court has explained, "42 U.S.C. § 1988 requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240 (1989). In other words, the state's general limitations period applies to all claims, even if the state has more specific limitations periods for specific claims. *Id.* at 244–45. Because § 600.5851b only applies to specific claims (i.e. those for criminal sexual conduct), it does not affect the limitations period for § 1983 claims. *Cf. Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023) ("[E]very United States Court of Appeals to address this issue thus far has determined that a specialized statute for sexual abuse claims does not render an otherwise untimely Section 1983 . . . claim timely.").

Poupore points out that the Michigan Supreme Court has interpreted § 600.5851b(1)(b) as a tolling provision—i.e., a provision that determines when the limitations period begins running—

5

rather than an extension of the statute of limitations. *See McLain v. Roman Cath. Diocese of Lansing*, 22 N.W.3d 284, 292 (Mich. 2024). Thus, Poupore suggests, courts should apply claim-specific state tolling provisions even where they would not apply claim-specific statutes of limitations. The United States Supreme Court has explained that "the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Wilson v. Garcia*, 471 U.S. 261, 269 (1985) (footnote omitted). This language does not necessarily clarify *which* state tolling statutes—i.e., general or specific—apply, and the Court is not aware of any Sixth Circuit precedent directly addressing this issue. But several Courts of Appeal in other circuits have held that, just as a court must apply general statutes of limitations to § 1983 claims, it must also apply general tolling rules. *See Kane*, 80 F.4th at 109 (courts should only apply tolling provisions that cover "*all claims* contained within a general statute of limitations for personal injury actions, such that there is no need to analyze the nature of the underlying claims"); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012); *Fisher v. Hollingsworth*, 115 F.4th 197, 210 (3d Cir. 2024); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1213 (10th Cir. 2014). This principle precludes the application of § 600.5851b(1)(b) because it is a tort-specific tolling provision.

Alternatively, § 600.5851b(1)(b) can be understood as an accrual provision rather than a tolling provision. *See McLain*, 22 N.W.3d at 292 ("[Subsection (1)(b)] tolls the accrual date."). While state tolling provisions are applied to § 1983 claims, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. The rule established by § 600.5851b(1)(b) is a "discovery rule," *McLain*, 22 N.W.3d at 293—i.e., a rule that ties the limitations period to the time a plaintiff discovers their claim—and discovery rules are usually governed by federal law because they relate to accrual. *See Sevier v.*

6

*Turner*, 742 F.2d 262, 272-73 (6th Cir. 1984) (applying federal discovery rule to § 1983 claim). Under federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273.[2] Poupore provides no reason why he did not know of the relevant injury in 2004, so his claim accrued then regardless of Michigan-specific accrual rules. *Cf. id.* (lack of awareness of legal rights does not prevent accrual of claim). Thus, regardless of whether the Court considers § 600.5851b(1)(b) to be a tolling or accrual rule, it is inapplicable here.[3]

Finally, even if § 600.5851b(1)(b) applied here, it would not prevent Poupore's claims from being time-barred. Poupore argues that § 600.5851b(1)(b)—which states that accrual occurs when an individual discovers "both the individual's injury and the causal relationship between the injury and the criminal sexual conduct"—prevents a claim from accruing until the plaintiff discovers that the conduct in question was criminal. By this logic, even though Poupore knew of his injury and the causal link to Helfert's conduct in 2004, he did not have confirmation that the conduct was criminal until Helfert was convicted of second degree criminal sexual conduct with a weapon in December of 2023 (*see* Compl. ¶ 38). But the statutory language simply does not support this interpretation. The three-year clock begins to run when the plaintiff discovers two things (as indicated by the word "both")—the injury and the causal relationship. There is no third requirement that the plaintiff discover the criminal nature of that conduct.

---

[2] The Sixth Circuit has recognized that its application of this discovery rule may contradict U.S. Supreme Court precedent indicating that § 1983 claims presumptively accrue when the violation occurs. *See Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 602 (6th Cir. 2025). This potential disagreement is irrelevant here because under either the "occurrence" or "discovery" approach, Poupore's claims would be time-barred.

[3] The Court declines to decide exactly how to characterize § 600.5851b(1)(b) because case law provides little clarity on whether and when federal discovery rules as to statutes of limitations supplant state discovery rules. *Contrast McGhee-Twilley v. Corecivic of Tenn., LLC*, No. 3:23-CV-00077, 2024 WL 1313884, at *8 (M.D. Tenn. Mar. 27, 2024) (federal discovery rule supplants state discovery rule for § 1983 claim) *with Weaver v. Brozell*, No. 2:23-CV-2116, 2024 WL 4476496, at *3 (W.D. Pa. Oct. 11, 2024) (treating state discovery rule as tolling rather than accrual provision, and thus applying it to § 1983 claim).

Moreover, even if the Court agreed with Poupore's interpretation of § 600.5851b(1)(b), the Michigan Supreme Court has held that § 600.5851b(1)(b) does not revive claims that expired before 2018, when the provision was enacted. *McLain*, 22 N.W.3d at 295–99. Thus, regardless of whether § 600.5851b(1)(b) applies, it does not extend the statute of limitations for Poupore's claims.

In sum, Poupore's § 1983 claims are barred by the statute of limitations.

**C. CAVRA Claims**

When CAVRA was enacted in 1986, it required claims to be brought within six years of the cause of action accruing, or three years after the end of someone's legal disability (such as their status as a minor). *See* 18 U.S.C. § 2255(b) (1986). Poupore's claims accrued in 2004 at the latest, and he turned 18 around 2007, so under either the six-year limit or the three-year limit his claims would have expired around 2010. In 2013, CAVRA's statute of limitations was changed to ten years. *See* 18 U.S.C. § 2255(b) (2013). In 2018, the statute of limitations was amended to allow suit

> (1) not later than 10 years after the date on which the plaintiff reasonably discovers the later of—
>
>   (A) the violation that forms the basis for the claim; or
>
>   (B) the injury that forms the basis for the claim; or
>
> (2) not later than 10 years after the date on which the victim reaches 18 years of age.

18 U.S.C. § 2255(b) (2018). Finally, in 2022, Congress amended CAVRA to eliminate the statute of limitations entirely. *See* 18 U.S.C. § 2255(b) ("There shall be no time limit for the filing of a complaint commencing an action under this section.").

Defendants argue that Poupore's claims expired in 2010, while Poupore contends that the subsequent amendments to CAVRA revived his expired claims. As an initial matter, the Court

observes that the decisive issue is the application of the 2022 amendment, rather than the 2013 or 2018 amendments. Even if those earlier amendments applied retroactively, they would only allow Poupore to bring his claims within 10 years after he turned 18 (i.e., before 2017), or 10 years after he reasonably discovered the violation or injury. There is no reason to think that Poupore did not discover Helfert's violations or the injuries they caused when the abuse occurred; as explained above, Helfert's subsequent criminal conviction is irrelevant. *Cf. United States v. Kubrick*, 444 U.S. 111, 123 (1979) (under general discovery rule, accrual of claim is not postponed because plaintiff is unaware of the legal consequences of the defendant's actions). Thus, the discovery rule would only have allowed Poupore to bring suit through 2014 (10 years after 2004).

Poupore contends that the 2013 amendment extended the limitations period for his claims through 2023, i.e. 10 years after the amendment was enacted. But this is a misreading of the text. The 2013 amendment set the limitations period as 10 years after accrual; the 2018 amendment set it as 10 years after discovery. Neither amendment tied the statute of limitations to the date of the amendment's enactment. In sum, because Poupore's claims would be time-barred even under the 2013 and 2018 amendments, Poupore can only bring his claims if the 2022 amendment revives claims that expired before 2022.

Generally, courts should presume that Congress does not intend statutes to operate retroactively without a clear indication otherwise. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 265–73 (1994) (discussing "[t]he presumption against statutory retroactivity"). However, there is conflicting case law as to whether applying an amended statute of limitations to a claim that accrued before the amendment was enacted qualifies as retroactive operation. *Contrast Forest v. U.S.P.S.*, 97 F.3d 137, 140 (6th Cir. 1996) (amended statute of limitations does not implicate retroactivity because "[a] statute of limitations does not relate to the conduct of a defendant, but

9

instead relates to the plaintiff's conduct in filing the claim") *with Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 950 (1997) (noting in dicta that "extending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action"); *see also Haug v. PNC Fin. Servs. Grp., Inc.*, No. 1:12 CV 485, 2013 WL 978144, at *3 (N.D. Ohio Feb. 6, 2013) ("[C]ourts following the Supreme Court's holding in *Landgraf v. USI Film Products* have uniformly concluded that newly enacted legislation that lengthens a statute of limitations does not apply retroactively to revive a claim that had expired under the prior limitations period." (footnote omitted)), *report and recommendation adopted*, 930 F. Supp. 2d 871 (N.D. Ohio 2013).

The Court need not resolve this conflict here because congressional intent is clear as to CAVRA.  The 2022 amendment provided that it only applied to "(A) any claim or action that, as of the date [of enactment of this amendment], would not have been barred under section 2255(b) of title 18, United States Code, as it read on the day before the date of enactment of this Act; and (B) any claim or action arising after the date of enactment of this Act."  Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022, Pub. L. 117-176 sec. 3, 136 Stat. 2108 sec. 3 (2022).  Although this provision is codified in a note to (rather than the body of) the U.S. Code, *see id.*, it has the force of law.  *Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 84 (2d Cir. 2024); *see U.S. Nat. Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 448 (1993) ("[I]t is the Statutes at Large that provides the 'legal evidence of laws,' [1 U.S.C.] § 112, and despite its omission from the Code [the relevant provision] remains on the books if the Statutes at Large so dictates."); *Wilson v. Hussman*, No. 5:22-CV-5091, 2023 WL 2048015, at *2 (D.S.D. Feb. 15, 2023) (above-quoted provision of 2022 CAVRA amendment is law because it appears in the Statutes at Large).  This provision entails that, because Poupore's claims would have been barred

10

at the time Congress enacted the 2022 amendment, they were not revived by that amendment. Thus, Poupore's CAVRA claims are time-barred.

## IV. CONCLUSION

As explained above, the Court will dismiss Poupore's § 1983 and CAVRA claims against both Defendants as time-barred. Because the Court will dismiss all federal claims, it will also decline to exercise supplemental jurisdiction over Poupore's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

An order and judgment will enter consistent with this Opinion.

Dated: November 26, 2025              /s/ Hala Y. Jarbou
                                                                   HALA Y. JARBOU
                                                                   CHIEF UNITED STATES DISTRICT JUDGE